CERTIFIED A TRUE COPY
WILLIAM M. McCOOL, Clerk
By: Deputy Clerk

**U.S. District Court**
**Northern District of Florida - District Version 3.0 (Pensacola)**
**CRIMINAL DOCKET FOR CASE #: 3:02-cr-00103-LC-4**
Internal Use Only

Case title: USA v. RICKS, et al

Date Filed: 10/15/2002
Date Terminated: 04/22/2003

Assigned to: SENIOR JUDGE LACEY A COLLIER

**Defendant**
PAUL BRANDON SWEATT (4)
TERMINATED: 04/23/2003
also known as
BRANDY

represented by DENNIS JAY CORDER
POTTER & CORDER PA
103 W INTENDENCIA ST
PENSACOLA, FL 32501
850/202-1202
Fax: 202-1203
TERMINATED: 04/23/2003
LEAD ATTORNEY
Designation: CJA Appointment

**Pending Counts**
21:846=CD.F CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE
(1)

**Disposition**
Custody of BOP for 24 mos, supervised release of 4 yrs, Fine of .00 and SMA of .00.

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**
None

**Disposition**

**Highest Offense Level (Terminated)**
None

**Complaints**
None

**Disposition**

**Plaintiff**
USA

represented by EDWIN F KNIGHT
US ATTORNEY - PENSACOLA FL
NORTHERN DISTRICT OF FLORIDA
21 E GARDEN ST
STE 400
PENSACOLA, FL 32502
850/444-4000
Fax: 850-434-0329
Email: Edwin.Knight@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Designation: Retained

| Date Filed | # | Docket Text |
|---|---|---|
| 10/15/2002 | | (Court only) **Added party 302CR103-01, 302CR103-02, 302CR103-03, 302CR103-04 (admin) (Entered: 10/23/2002) |

| Date | No. | Description |
|---|---|---|
| 10/15/2002 | | (Court only) **Added Government Attorney EDWIN F KNIGHT as to 302CR103-01, 302CR103-02, 302CR103-03, 302CR103-04 (jrm,Pensacola) (Entered: 10/25/2002) |
| 10/15/2002 | 1 | INDICTMENT as to 302CR103-01 (1) count(s) 1, 302CR103-02 (2) count(s) 1, 302CR103-03 (3) count(s) 1, 302CR103-04 (4) count(s) 1 (Copies sent to AUSA, USPO, and USM) (jrm,Pensacola) (Entered: 10/25/2002) |
| 10/15/2002 | 2 | MOTION by USA as to 302CR103-01, 302CR103-02, 302CR103-03, 302CR103-04 to Seal re: [1-1] indictment (jrm,Pensacola) (Entered: 10/25/2002) |
| 10/15/2002 | | ENDORSED ORDER as to 302CR103-01, 302CR103-02, 302CR103-03, 302CR103-04 granting [2-1] motion to Seal re: [1-1] indictment as to 302CR103-01 (1), 302CR103-02 (2), 302CR103-03 (3), 302CR103-04 (4) Entered by Magistrate Judge Miles Davis Copies sent as noted on document. (jrm,Pensacola) (Entered: 10/25/2002) |
| 10/15/2002 | 9 | INFORMATION SHEET as to defendant 302CR103-04 in Location Status of LF (jrm,Pensacola) (Entered: 10/25/2002) |
| 10/16/2002 | 10 | ORDER for issuance of Arrest warrant by Magistrate Judge Miles Davis as to 302CR103-04 - warrant issued. (jrm,Pensacola) (Entered: 10/25/2002) |
| 12/04/2002 | | MOTION in open court by USA as to ANTHONY JULIUS RICKS, DOROTHY JEAN GREENE, RONALD ALLEN OZBIRN, PAUL BRANDON SWEATT to Unseal Indictment (jrm,Pensacola) (Entered: 12/10/2002) |
| 12/04/2002 | | ORAL order by Magistrate Judge M Casey Rodgers as to defendant ANTHONY JULIUS RICKS, defendant DOROTHY JEAN GREENE, defendant RONALD ALLEN OZBIRN, defendant PAUL BRANDON SWEATT granting [0-0] oral motion to Unseal Indictment as to ANTHONY JULIUS RICKS (1), DOROTHY JEAN GREENE (2), RONALD ALLEN OZBIRN (3), PAUL BRANDON SWEATT (4) (jrm,Pensacola) (Entered: 12/10/2002) |
| 12/10/2002 | | (Court only) **Added party US PROBATION, US MARSHAL SERVICE (jrm,Pensacola) (Entered: 12/10/2002) |
| 01/10/2003 | 30 | INITIAL APPEARANCE Minutes as to PAUL BRANDON SWEATT Court Reporter: CD (Defendant informed of rights.) (jra,Pensacola) (Entered: 01/10/2003) |
| 01/10/2003 | 31 | CJA 23 Financial Affidavit by PAUL BRANDON SWEATT (jra,Pensacola) (Entered: 01/10/2003) |
| 01/10/2003 | 32 | ORDER by Magistrate Judge Miles Davis Appointing Federal Public Defender for PAUL BRANDON SWEATT Copies sent as noted on document. (jra,Pensacola) (Entered: 01/10/2003) |
| 01/10/2003 | 33 | MINUTES: Arraignment Hearing as to PAUL BRANDON SWEATT held before Magistrate Judge Miles Davis Court Reporter: CD Plea not guilty as charged. (jra,Pensacola) (Entered: 01/10/2003) |
| 01/10/2003 | 34 | ORDER by Magistrate Judge Miles Davis setting conditions of release as to PAUL BRANDON SWEATT Bond set to O/R for PAUL BRANDON SWEATT. Copies sent to AUSA, USPO, USM, defense counsel and defendant. (jra,Pensacola) (Entered: 01/10/2003) |
| 01/10/2003 | | File Returned to Court: to Judge Lacey A. Collier Re: order setting jury trial on deft Sweatt (jra,Pensacola) (Entered: 01/10/2003) |
| 01/10/2003 | | (Court only) **Added for PAUL BRANDON SWEATT Attorney DENNIS JAY CORDER (jra,Pensacola) (Entered: 01/10/2003) |
| 01/13/2003 | 38 | CJA 20 as to PAUL BRANDON SWEATT : Appointment of Attorney Dennis J. Corder. Copies sent as noted on document. (Original to CJA attorney) (jrm,Pensacola) Modified on 01/15/2003 (Entered: 01/14/2003) |
| 01/13/2003 | 39 | REQUEST by defendant PAUL BRANDON SWEATT as to defendant PAUL BRANDON SWEATT for Discovery (jrm,Pensacola) Modified on 01/15/2003 (Entered: 01/14/2003) |
| 01/14/2003 | 40 | ORDER by Judge Lacey A. Collier as to defendant PAUL BRANDON SWEATT setting Jury Trial date for 9:00 3/3/03 for PAUL BRANDON SWEATT Plea agreement deadline on 2/28/03 for PAUL BRANDON SWEATT Copies sent as noted on document. (jrm,Pensacola) Modified on 01/15/2003 (Entered: 01/14/2003) |
| 01/21/2003 | | File Returned to Court: to Judge Lacey A. Collier Re: order setting trial on defts Ricks and Ozbirn (jra,Pensacola) (Entered: 01/21/2003) |
| 01/22/2003 | 58 | Arrest WARRANT Returned Executed as to defendant PAUL BRANDON SWEATT on 1/10/03 (jrm,Pensacola) (Entered: 01/23/2003) |
| 01/23/2003 | | NOTICE of Print Fax Failure directed to counsel - DENNIS JAY CORDER for defendant PAUL BRANDON SWEATT Re: [55-1] Scheduling order sent by mail on 01/23/03 (lcu,Pensacola) Modified on 01/24/2003 (Entered: 01/24/2003) |
| 02/03/2003 | 61 | NOTICE of Hearing as to ANTHONY JULIUS RICKS and PAUL BRANDON SWEATT. Setting change of plea hearing for 9:00 2/7/03 . Copies sent as noted on document. (lcu,Pensacola) (Entered: 02/03/2003) |
| 02/05/2003 | | NOTICE of Print Fax Failure directed to counsel - DENNIS JAY CORDER for defendant PAUL BRANDON SWEATT Re: [61-1] notice hearing Setting change of plea hearing for 9:00 2/7/03 manually faxed and sent by mail on 02/05/03 (lcu,Pensacola) (Entered: 02/05/2003) |

Case 2:07-cr-00274-MHT-WC   Document 2   Filed 10/29/2007   Page 3 of 15

| | | |
|---|---|---|
| 02/07/2003 | 62 | REARRAIGNMENT Minutes as to PAUL BRANDON SWEATT Court Reporter: Gwen Kesinger (mjm,Pensacola) (Entered: 02/07/2003) |
| 02/07/2003 | 63 | Plea Agreement as to PAUL BRANDON SWEATT (Copies to: AUSA, USPO, Corder) (mjm,Pensacola) (Entered: 02/07/2003) |
| 02/07/2003 | | PLEA of Guilty: PAUL BRANDON SWEATT (4) count(s) 1 ; Court accepts plea. Sentencing set for 9:00 4/22/03 for PAUL BRANDON SWEATT . Court Reporter: Gwen Kesinger (mjm,Pensacola) (Entered: 02/07/2003) |
| 02/07/2003 | 66 | NOTICE of Hearing as to ANTHONY JULIUS RICKS, PAUL BRANDON SWEATT, setting sentencing date for 9:00 4/22/03 for ANTHONY JULIUS RICKS, for PAUL BRANDON SWEATT Copies sent as noted on document. (mjm,Pensacola) (Entered: 02/07/2003) |
| 03/18/2003 | 73 | USPO LETTER Re: PSR for as to defendant PAUL BRANDON SWEATT (jrm,Pensacola) (Entered: 03/19/2003) |
| 03/26/2003 | | (Court only) **Added party FINANCE DEPARTMENT as notice only party (mjm,Pensacola) (Entered: 03/26/2003) |
| 04/17/2003 | 83 | SEALED DOCUMENT as to PAUL BRANDON SWEATT (jrm,Pensacola) (Entered: 04/17/2003) |
| 04/22/2003 | 90 | SENTENCING Minutes as to PAUL BRANDON SWEATT Court Reporter: Gwen Kesinger PAUL BRANDON SWEATT (4) count(s) 1: Custody of BOP for 24 mos, supervised release of 4 yrs, fine of $500.00 and SMA of $100.00. Deft to voluntarily surrender on 6/2/03 by 12:00 noon. SEE FORMAL JUDGMENT (mjm,Pensacola) (Entered: 04/22/2003) |
| 04/23/2003 | 93 | JUDGMENT by Judge Lacey A. Collier PAUL BRANDON SWEATT (4) count(s) 1. Custody of BOP for 24 mos, supervised release of 4 yrs, Fine of $500.00 and SMA of $100.00. Copies sent as noted on document. (Original Statement of Reasons on file with US Probation with a copy mailed to the AUSA and Defense Attorney) (mjm,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | | (Court only) **Termination of party ANTHONY JULIUS RICKS, party PAUL BRANDON SWEATT pending deadlines and pending motions as to ANTHONY JULIUS RICKS, PAUL BRANDON SWEATT (mjm,Pensacola) (Entered: 04/23/2003) |
| 05/27/2003 | | CJA 20 as to defendant PAUL BRANDON SWEATT Authorization to pay DENNIS JAY CORDER for defendant PAUL BRANDON SWEATT Voucher # 030522000189 by Judge Lacey A. Collier (mbs,Tallahassee) (Entered: 05/28/2003) |
| 05/29/2003 | | (Court only) **Case closed as to ANTHONY JULIUS RICKS, DOROTHY JEAN GREENE, RONALD ALLEN OZBIRN, PAUL BRANDON SWEATT (all defendants). (mjm,Pensacola) (Entered: 05/29/2003) |
| 07/15/2003 | 100 | JUDGMENT Returned Executed as to PAUL BRANDON SWEATT on 6/2/3 at location: FCI Yazoo City, Yazoo City, MS (jrm,Pensacola) (Entered: 07/15/2003) |
| 10/02/2003 | | (Court only) **Excludable stopped as to ANTHONY JULIUS RICKS, DOROTHY JEAN GREENE, RONALD ALLEN OZBIRN, PAUL BRANDON SWEATT (jrm,Pensacola) (Entered: 10/02/2003) |
| 10/02/2003 | | (Court only) **Location LC as to PAUL BRANDON SWEATT (jrm,Pensacola) (Entered: 10/02/2003) |
| 04/02/2004 | 120 | TRANSCRIPT of PLEAS as to PAUL BRANDON SWEATT, ANTHONY JULIUS RICKS held on 2/7/03 before Judge Lacey A. Collier. Court Reporter: Gwen Kesinger. (ijm, Pensacola) (Entered: 04/09/2004) |
| 12/14/2004 | 151 | Sealed Document(mjm, Pensacola) (Entered: 12/21/2004) |
| 01/10/2005 | 156 | ORDER REDUCING SENTENCE from 24 mos to 18 mos as to PAUL BRANDON SWEATT re 151 Sealed Document. Signed by Judge LACEY A COLLIER on 1/10/05.(mjm, Pensacola) (Entered: 01/10/2005) |
| 07/11/2006 | 185 | PETITION AND ORDER as to PAUL BRANDON SWEATT request for modifying the conditions or term of supervision with consent of the offender. Signed by Judge LACEY A COLLIER on 7/10/06. (mjm, Pensacola) (Entered: 07/11/2006) |
| 10/25/2007 | 186 | TRANSFER OF JURISDICITON of Supervised Release and ORDER as to PAUL BRANDON SWEATT; jurisdiction is transferred to MD of Alabama. Signed by Judge LACEY A COLLIER on 7/16/2007. (mjm) (Entered: 10/25/2007) |
| 10/25/2007 | 187 | Supervised Release Jurisdiction Transferred to MD of Alabama as to PAUL BRANDON SWEATT Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment, order reducing sentence and docket sheet. (mjm) (Entered: 10/25/2007) |

FLN J&C; 3/2000                                                                                                                Page 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                     Case # 3:02cr103-004LAC

**PAUL BRANDON SWEATT**
a/k/a Brandy

Defendant's Attorney:
**Dennis Corder (Appointed)**
103 W. Intendencia Street
Pensacola, Florida 32501

### JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count One of the Indictment on February 7, 2003. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count which involves the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846 | Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine | October 15, 2002 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    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
Defendant's Date of Birth:    05/08/60
Deft's U.S. Marshal No.:     05496-017

Defendant's Residence Address:
1006 Augusta Avenue
Montgomery, Alabama  36111
Defendant's Mailing Address:
1006 Augusta Avenue
Montgomery, Alabama  36111

Date of Imposition of Sentence:
April 22, 2003

_____
LACEY A. COLLIER
UNITED STATES DISTRICT JUDGE

April **23**, 2003

FLN J&C; 3/2000                                                                                                                    Page 2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **24 months**.

The defendant shall surrender to either the United States Marshal for this district or to the institution designated by the Bureau of Prisons on June 2, 2003 by 12:00 noon.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
    Deputy U.S. Marshal

PAUL BRANDON SWEATT   3:02cr103-0041LAC

FLN J&C; 3/2000

Page 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon

For offenses committed on or after September 13, 1994: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the Court or probation officer;

2. The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least 10 days prior** to any change in residence or employment, unless otherwise directed by the probation officer;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

PAUL BRANDON SWEATT    3 02cr103-0041LAC

FLN J&C; 3/2000

Page 4

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

As deemed necessary by the Probation Officer, the defendant shall participate in a program of drug treatment which may include testing to determine if the defendant is using drugs.

The defendant shall cooperate with the Probation Department and/or any state agency responsible for the establishment and enforcement of child support payments. Additionally, he shall make all required child support payments.

Any unpaid fine balance shall become a condition of the defendant's term of supervised release, and the defendant shall make monthly installment payments of not less than $25.00 per month, to commence three months after release from imprisonment.

PAUL BRANDON SWEATT   3:02cr103-0041LAC

FLN J&C; 3/2000

Page 5

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine |
|---|---|
| $100.00 | $500.00 |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$100.00** is imposed.

## FINE

A fine in the amount of **$500.00** is imposed.

PAUL BRANDON SWEATT    3.02cr103-0041LAC

FLN J&C; 3/2000

Page 6

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties $600.00 immediately, balance due as related below:

Breakdown of fine and other criminal penalties is as follows:
Fine: $500.00   SMA: $100.00

The $100.00 monetary assessment shall be paid immediately. Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The remaining balance shall be paid as follows: In monthly installments of not less than $20.00 over a period of supervised release to commence three months after release from imprisonment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

PAUL BRANDON SWEATT    3:02cr103-0041LAC

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs
                                              CASE NO: 3:02CR103-004

PAUL BRANDON SWEATT,
    Defendant.
_____/

## ORDER REDUCING SENTENCE

    Before the Court is the Government's Rule 35 motion (doc 151) advising that a reduction in defendant's sentence may be warranted by his continued cooperation and substantial assistance since his sentencing. Although defendant was originally sentenced as permitted by Rule 5K1 to a period below the guideline range, the Court finds that a further reduction is proper to reward his continued and significant assistance to the Government in the prosecution of others.

    Defendant's sentence of confinement is, therefore, reduced from 24 months to 18 months. In all other respects, the original sentence imposed by this Court's order of 23 April 2003 shall remain unchanged.

    **ORDERED** this 10th day of January 2005.

                                              s/*L.A. Collier*
                                          LACEY A. COLLIER
                                 Senior United States District Judge

CERTIFIED A TRUE COPY
WILLIAM M. McCOOL, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

ANTHONY JULIUS RICKS,
   a/k/a Tony,
   a/k/a T;
DOROTHY JEAN GREENE,
   a/k/a Dorothy Jean Moronta,
   a/k/a Dottie Greene;
RONALD ALLEN OZBIRN,
   a/k/a Ronnie;
and
PAUL BRANDON SWEATT,
   a/k/a Brandy

**SEALED**

**INDICTMENT**

3:02CR103/LAC

THE GRAND JURY CHARGES:

### COUNT ONE

That from on or about January 1, 1997, through the date of the return of this indictment, in the Northern District of Florida and elsewhere, the defendants,

ANTHONY JULIUS RICKS,
   a/k/a Tony,
   a/k/a T;
DOROTHY JEAN GREENE,
   a/k/a Dorothy Jean Moronta,
   a/k/a Dottie Greene;
RONALD ALLEN OZBIRN,
   a/k/a Ronnie;
and

FILED IN OPEN COURT THIS

10 15 02

CERTIFIED A TRUE COPY
WILLIAM M. McCOOL, Clerk
BY: _____ Deputy Clerk

1

**PAUL BRANDON SWEATT,**
a/k/a Brandy,

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons to distribute and to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and that this offense involved more than five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

All in violation of Title 21, United States Code, Section 846.

### (CRIMINAL FORFEITURE)

The allegation contained in Count One of this indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

From their engagement in the violation alleged in Count One of this indictment, punishable by imprisonment for more than one year, which count is re-alleged and incorporated as if more fully set forth herein, the defendants,

**ANTHONY JULIUS RICKS,**
a/k/a Tony,
a/k/a T;
**DOROTHY JEAN GREENE,**
a/k/a Dorothy Jean Moronta,
a/k/a Dottie Greene;
**RONALD ALLEN OZBIRN,**
a/k/a Ronnie;
and
**PAUL BRANDON SWEATT,**
a/k/a Brandy,

2

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), all of their interest in:

    A.    Property constituting or derived from any proceeds the defendants obtained directly or indirectly as the result of such violation;

    B.    Property used in any manner or part to commit or to facilitate the commission of such violation.

If any of the property subject to forfeiture as a result of any act or omission of the defendants:

    A.    cannot be located upon the exercise of due diligence;

    B.    has been transferred or sold to or deposited with a third person;

    C.    has been placed beyond the jurisdiction of this Court;

    D.    has been substantially diminished in value; or

    E.    has been co-mingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

3

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL:

_____
FOREPERSON

15 Oct 2007
_____
DATE

_____
GREGORY R. MILLER
United States Attorney

_____
EDWIN F. KNIGHT
Assistant United States Attorney

4